UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JODI ALBANESE,

                                                ANSWER

                    Plaintiff,

              -against-                         08-CV-1898
                                                (JFB)(AKT)

STATE OF NEW YORK, DET. DAVID B.
BREHM, SHIELD 15, being a member of
The Nassau County Police dept...

                    Defendants.

----------------------------------------------------------X

          Defendant, DET. DAVID B. BREHM ("BREHM") by his attorney, LORNA B.

GOODMAN, Nassau County Attorney, by DIANE C. PETILLO, Deputy County

Attorney answers the allegations of the Complaint as follows:

          1.          Denies knowledge and information sufficient to form a belief as to the

allegations contained in paragraph 1 of the complaint.

          2.          Denies knowledge and information sufficient to form a belief as to the

allegations contained in paragraph 2 of the complaint.

          3.          Denies the allegations contained in paragraph 3 of the complaint.

          4.          Denies knowledge and information sufficient to form a belief as to the

allegations contained in paragraph 4 the complaint.

          5.          Denies the allegations contained in paragraph 5 of the complaint.

          6.          Denies the allegations contained in paragraph 6 of the complaint.

          7.          Denies the allegations contained in paragraph 7 of the complaint.

          8.          Denies the allegations contained in paragraph 8 of the complaint.

          9.          Denies the allegations contained in paragraph 9 of the complaint.

10.     Denies the allegations contained in paragraph 10 of the complaint.

11.     Denies the allegations contained in paragraph 11 of the complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to mitigate her damages in this matter.

2.     Pursuant to CPLR §1603, the Defendant asserts limitations contained in CPLR §§1601 and 1602 and all rights contained therein.

3.     Should Plaintiff recover damages as a result of a finding of liability in whole or in part against the Defendant, such recovery should be reduced and diminished in proportion to the degree of comparative negligence of Plaintiff in contributing to such damages.

4.     If the Plaintiff sustained damages as alleged in the complaint, such damages were the sustained solely through and by virtue of the conduct of the Plaintiff without any negligence on the part of the Defendant, his agents, servants or employees contributing thereto.

5.     If Plaintiff sustained damages as alleged in the Complaint, such damages were sustained solely through the virtue of the conduct of third parties not under the control of the Defendant without any negligence on the part of the Defendant, his agents, servants or employees contributing thereto.

6.     Plaintiff fails to state a cause of action against the Defendant upon which relief can be granted.

7.     That at all the times mentioned in the Complaint, the officers, including but not limited to the individually named Defendant, his agents, servants and/or employees of the NCPD having anything to do with the Plaintiff were acting in the performance of their respective duties as officers, agents, servants and/or employees of the NCPD; that all of the acts of each officer, agent and/or employee of the  NCPD in connection with the Plaintiff were performed in good faith, without malice and with reasonable and proper care in the ordinary course of their duties as such officers, agents, servants and/or employees of the NCPD, and as required by them and each of them by reason of the conduct of the Plaintiff.

8.     The officers, including but not limited to the Defendant, his agents, servants and/or employees of the NCPD are entitled to qualified immunity in that their actions did not violate established statutory or constitutional rights of which a reasonable person would have known and, therefore, said acts are immune from civil liability.  NCPD, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

9.     Plaintiff's constitutional and statutory rights have not been violated by the Defendant.

10.     Plaintiff's claims are barred by the statute of limitations of §§ 50-e and/or 50-i and/or 50-h of the General Municipal Law of the State of New York, § 52 of the County Law of the State of New York and § 11-4.1 of the Nassau County Administrative Code.

11.     Plaintiff's claims are barred by the statute of limitations.

12.     Probable cause existed for the arrest and prosecution of Plaintiff.

13.     If the Plaintiff's criminal record is sealed then she is prohibited from proceeding with this action until such time as the criminal records pertaining to the incident underlying this action contained in the Nassau County Police Department, the Office of District Attorney of Nassau County and the State Court system are unsealed.

WHEREFORE, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that the Court grant such other and further relief it deems just and proper.

Dated: Mineola, New York
      December 3, 2008

                                            Yours, etc.,

                                            LORNA B. GOODMAN
                                            Nassau County Attorney
                                            Attorney for Defendant
                                            Det. David B. Brehm

                                            _____/s/_____
                                            By: Diane C. Petillo
                                            Deputy County Attorney
                                            One West Street
                                            Mineola, New York 11501
                                            (516) 571-6190